IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| BAGWELL FARMS PRODUCE CO., INC., | ) ) ) | |
| *Plaintiff*, | ) ) ) | |
| v. | ) ) | Civil Action Number CV-97-C-0321-S |
| FARM-WEY PRODUCE, INC., | ) ) ) | |
| *Defendant*. | ) ) ) | |

**MEMORANDUM OPINION**

On February 7, 1997, Bagwell Farms Produce, Co., Inc. ("Bagwell Farms") filed a complaint and appeal from a reparation order of the U.S. Department of Agriculture, and it filed an Appeals Bond with this Court, as required by the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. § 499.[1]

Aetna Casualty & Surety Company of America ("Aetna") was the surety of the Appeals Bond, and Travelers Property & Casualty Company ("Travelers") is the successor to Aetna and to the Bond.

On July 20, 1997, this Court dismissed the appeal of Bagwell Farms because it failed to file the Appeals Bond within the time limitations prescribed by 7 U.S.C. § 499g, and this Court

---

[1] Bagwell Farms filed an Appeals Bond for $7,000, which was calculated by doubling "the amount of the reparation awarded against the appellant [$3,088.80, plus interest from July 1, 1996, plus $300 in costs] conditioned upon the payment of the judgment entered by the court, plus interest and costs, including a reasonable attorney's fee for the appellee, if the appellee shall prevail," as required by 7 U.S.C. § 499g(c).

1

therefore affirmed the reparation order entered by the Department of Agriculture on July 21, 1997.

On March 19, 1999, this Court issued an order awarding attorneys' fees to Defendant Farm-Wey in the amount of $20,634, plus $537.32 in additional costs.

On March 3, 2000, Farm-Wey filed a motion requesting this Court to require payment on the Appeals Bond, and this Court granted the motion on March 30, 2000. Travelers/Aetna did not receive notice of this motion, however, so on August 21, 2000, this Court mooted its grant to order payment on the Appeals Bond. This Court also held that Travelers/Aetna would have an opportunity to be heard, and it had this opportunity on September 15, 2000.

In determining the scope of liability of a surety under a statutory bond, such as one under 7 U.S.C. § 499g(c), a court looks to both the statute and the bond. *See Pennex Aluminum Co. v. International Fidelity Ins. Co.*, 818 F. Supp. 772, 781 (M.D. Pa. 1993) (citing *Bedini v. Hodges*, 238 A.D. 530, 532 (N.Y.S. 1933)). Section 499g(c) does not address the nature and extent of the liability of a surety; therefore, this Court resorts to the language of the Appeals Bond itself.

The language of the Appeals Bond conditions Travelers/Aetna's liability on Bagwell Farms having "*filed* a complaint and appeal from a reparation order of the U.S. Department of Agriculture" (emphasis added). A plain reading of the Appeals Bond, then, indicates that the mere filing of the appeal—not that the appeal be perfected, not that the appeal actually occur—meets the condition created by the Appeals Bond in order to make it effective.

Where a federal statute does not dictate the nature and extent of liability of a surety and an appeals bond is not dispositive of a surety's liability, a court may then look to the common law of suretyship to determine a surety's liability. *See American Mfg. Mut. Ins. Co. v. Tison Hog Market, Inc.*, 182 F.3d 1284, 1288-91 (11th Cir. 1999).

2

The common law of many states holds that failure to perfect an appeal does, indeed, affirm the lower court's judgment.[2] In addition, 5 *C.J.S. Appeal and Error* § 1051(a) states that "[i]n general a dismissal of the appeal for failure to perfect or prosecute the appeal is equivalent to a judgment of affirmance within the meaning of a condition to pay or satisfy the judgment if affirmed, so as to require payment or satisfaction by the obligors." *See also American Casualty Co. of Reading, Pa. v. Pan Am. Bank of Miami*, 156 So. 2d 27, 29 (Fla. Dist. Ct. App. 1963) (quoting 3 *Am. Jur., Appeal and Error* § 1281 ("The general rule is that the dismissal or abandonment of an appeal operates as an affirmance of the judgment within the meaning of an appeal bond or undertaking conditioned for the payment of the judgment if affirmed. *So, where the dismissal is for failure to perfect the appeal or to observe other statutory requirements, the sureties are liable on the bond.*" (emphasis added.))).

Finally, § 499g(c) specifically provides for recovery of attorneys' fees. It requires that an appellant such as Bagwell Farms post an appeals bond for "double the amount of the reparation awarded against the appellant conditioned upon the payment of the judgment entered by the court, plus interest and costs, *including a reasonable attorney's fee* for the appellee, if the appellee shall prevail." (emphasis added.) In *Robinson Farms Co. v. D'Acquisto*, the Seventh Circuit held that § 499g "seems to evince a general purpose to award fees to prevailing plaintiffs, encouraging vigorous private enforcement of the law, thereby creating a fair marketplace." 962 F.2d 680, 685 (7th Cir. 1992).

Even though the Secretary of Agriculture only awarded Farm-Wey $3,088.80, interest from July 1, 1996, plus an additional $300 in costs, this Court awarded Farm-Wey an additional

---

[2]Colorado, Illinois, Louisiana, Missouri, Oklahoma and the United States, for example. *See American Casualty*, 156 So. 2d at 29.

amount of $21,171.32 in additional costs and attorney's fees, and the language and intent of § 499g(c) mandates that Travelers/Aetna is liable for the entire $7,000 Appeals Bond.

By separate order, Travelers/Aetna will be required to honor its bond.

DONE this _22d_ day of September, 2000.

_____
CHIEF UNITED STATES DISTRICT JUDGE
U.W. CLEMON